IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CORALEE ROACH**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:08-CV-439-L** |
| | § | |
| **DANIEL BLOOM and** | § | |
| **NIANGUA RIVER RANCH LAND &** | § | |
| **CATTLE COMPANY, L.P.**, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendants' Motion to Dismiss First Amended Complaint, filed November 24, 2008. Plaintiff Coralee Roach did not file a response to the motion. On February 18, 2009, the court held a telephonic hearing on Defendants' Motion to Dismiss First Amended Complaint. The court and the parties all agreed, based upon applicable law, that the Northern District of Texas was not the proper venue for this action to be heard. The question in dispute is whether this action ought to be transferred to the Eastern District of Texas or the Western District of Missouri.

By its order of February 19, 2009, the court determined that additional briefing and materials were needed to resolve the venue matter and directed the parties to address the venue issue in a supplemental brief and attach documentation to the briefs to support their positions with respect to the legal issues regarding venue. As a result, Plaintiff's Brief in Support of Transfer to the Eastern District of Texas was filed on February 27, 2009, and Defendants filed their Supplement to Rule 12(b)(3) Motion to Dismiss or to Transfer on March 2, 2009. After careful consideration of the motion, briefs, record, and applicable law, the court **denies** Defendants' Motion to Dismiss First

**Memorandum Opinion and Order - Page 1**

Amended Complaint and **transfers** this action to the Sherman Division of the Eastern District of Texas.

I. **Background**

Plaintiff Coralee Roach ("Plaintiff" or "Roach") originally filed what appeared to be an action pursuant to 42 U.S.C. § 1981 against Defendants Daniel Bloom and Niangua River Ranch Land and Cattle Company, L.P. ("Bloom" and "Niangua," individually, and collectively, "Defendants") on March 13, 2008. She contended that she was discriminated against by Defendants because of her gender when her employment was terminated on June 14, 2007. Plaintiff contended that she was the victim of *quid pro quo* sexual harassment and sexual harassment based on an abusive or hostile work environment. She also conclusorily alleged retaliation, and her final claim was a state law claim for breach of contract.

On October 21, 2008, the court ordered Plaintiff to file an amended complaint in accordance with its order by November 4, 2008. As set forth in its order, the court directed Plaintiff to cure noted deficiencies and to state her allegations with the requisite specificity pursuant to Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure. She filed her First Amended Complaint ("Amended Complaint") on November 5, 2008. In her Amended Complaint, Plaintiff asserts a claim of sexual harassment pursuant to 42 U.S.C. § 2000e-2 *et seq.* ("Title VII") and a state law claim for breach of contract.

Defendants have filed a second motion to dismiss. They contend that venue is not proper in this district pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure and that Plaintiff has failed to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendants also contend that the state law breach of contract claim should be dismissed if the court dismisses the Title VII claim. Because the court finds Rule 12(b)(3) dispositive, it does not address Defendants' Rule 12(b)(6) arguments.

## II.     Rule 12(b)(3) - Improper Venue

Rule 12(b)(3) allows a party to request dismissal of an action when venue is improper. Although never referenced by Defendants, the court presumes that they also base their motion on 28 U.S.C. § 1406(a). This statute provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." *Id.*

Congress has adopted special venue provisions for Title VII actions. Pursuant to the relevant statutory provisions, a Title VII action may be brought in any judicial district in which the discrimination is alleged to have been committed, in the judicial district in which the relevant employment records are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged discrimination. 42 U.S.C. § 2000e-5(f)(3). Title VII also makes clear that "[t]he provisions of section 2000e-5(f) through (k) of this title, as applicable, shall govern civil actions brought hereunder." 42 U.S.C. § 2000e-16(d). Accordingly, a Title VII lawsuit *must* be brought in one of the three judicial districts previously mentioned.

A "defendant has the burden to demonstrate affirmatively that the plaintiff filed the lawsuit in an improper venue" when moving to dismiss pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure. *Bounty-Full Entm't v. Forever Blue Entm't Group, Inc.*, 923 F. Supp. 950, 957 (S.D. Tex. 1996) (citations omitted); *see also MacPhail v. Oceaneering Int'l*, 170 F. Supp. 2d 718, 720 (S.D. Tex. 2001); *Texas Marine & Brokerage, Inc. v. Euton*, 120 F. Supp. 2d 611, 612 (E.D. Tex. 2000); *Sanders v. Seal Fleet, Inc.*, 998 F. Supp. 729, 733 (E.D. Tex. 1998); *The Richards Group, Inc. v. Smith*, No. 00-CV-2221-X, 2001 WL 123989, at *1 (N.D. Tex. Jan. 12, 2001). The court realizes that other district courts in this circuit have held to the contrary with respect to which party has the burden of proof. *See Norsworthy v. Mystik Transp. Inc.*, 430 F. Supp. 2d 631, 633 (E.D. Tex. 2006); *Langton v. Cbeyond Commc'n, L.L.C.*, 282 F. Supp. 2d. 504, 508 (E.D. Tex.

2003); *and Bigham v. Envirocare of Utah, Inc.*, 123 F. Supp. 2d 1046, 1047-48 (S.D. Tex. 2000) (all holding that the burden is on the plaintiff once the defendant has filed a motion to dismiss for improper venue). The court, however, believes the better rule is one that places the burden on the movant.

A motion to dismiss for improper venue is a dilatory tactic used by defendants. When asserting a 12(b)(3) motion, a defendant does not question the court's jurisdiction to hear the case; the only question is whether the case should be heard in the district in which it was originally filed. Such motion is a privilege unique to defendants and is used as an affirmative defense. As with any affirmative defense, it is waived if not properly raised. Further, the burden of establishing an affirmative defense rests with the party asserting it. Accordingly, the court sees no logical reason why Defendants in this case should not be required to establish that venue is improper and that the action should be dismissed or transferred to another district.

### III.    Discussion

Plaintiff urges the court to transfer this action to the Eastern District of Texas. In support of her request, Plaintiff states that when she was employed by Niangua she "was instructed to send all employment related documents and all accounting to the principal office of [Niangua], which is in Plano, Texas. I personally forwarded all employment related documentation to the principal office in Plano, Texas where they were maintained and administered." Aff. of Coralee Roach 1. According to her Amended Complaint, Plaintiff was initially hired as a housekeeper and cook for Bloom and his wife, and her job duties later increased to include computer and office work. She further states that checks for her salary came from Niangua's "principal office" in Plano, Texas. *Id.* Plaintiff also provides a copy of one of her pay stubs, dated May 25, 2007, that reflects the name of her employer as D & D Bluesprings Limited Company ("Bluesprings"), which is located at the same address as Niangua, 5700 Democracy Drive, Suite 1000, Plano, Texas 75024. Finally, she provides

a document, Periodic Report - Limited Partnership, from the Texas Secretary of State that lists Niangua as a limited partnership located at 5700 Democracy Drive, Suite 1000, Plano, Texas 75024.[1]

Defendants urge the court to transfer this action to the Western District of Missouri. Defendants contend that the events alleged by Plaintiff took place while she lived and worked as a cook and housekeeper at a ranch in Eldridge, Missouri, in which they have an interest. According to Defendants, the ranch is situated in Laclede and Dallas Counties, and Niangua is a Texas limited partnership qualified to do business in Eldridge, Missouri. Defendants contend that while Plaintiff worked in Missouri her employer was Bluesprings[2] rather than Niangua, that Bluesprings has its principal place of business in Eldridge, Missouri, and that all of Plaintiff's employment records are maintained in Missouri. Defendants also contend that when Plaintiff worked in Missouri, her pay and related records were reviewed, calculated, and distributed in Missouri by Paychex, Inc., which is located in St. Louis, Missouri. In support of these contentions, Defendants rely on the affidavit of Daniel Bloom and the documents attached to it from the Secretary of State of Missouri.

With respect to the relevant time period, 2005-2007 as alleged by Plaintiff in her Amended Complaint, Plaintiff's documents are dated December 22, 2005 (Periodic Report - Limited Partnership for Niangua), and May 25, 2007 (Copy of Plaintiff's Pay Stub). Documents submitted by Defendants are dated May 31, 2001; January 17, 2002; May 20, 2002; and September 29, 2003. The first three documents submitted by Defendants are documents from the Missouri Secretary of State relating to the registration or amended registration of Niangua as a foreign limited partnership. The fourth document is the Articles of Incorporation for Bluesprings. Plaintiff's documents are

---

[1] Plano, Texas is located in Collin County, which is located in the Eastern District of Texas. 28 U.S.C. § 124(c)(3).

[2] The first time Defendants asserted that Niangua was not Plaintiff's employer was in Defendants' recently filed supplement to their motion to dismiss or transfer.

**Memorandum Opinion and Order - Page 5**

more current than those of Defendants and certainly provide evidence, regardless of which entity employed her, that her employment records are maintained and administered in Plano, Texas. Moreover, there is nothing in the record that contradicts Plaintiff's statement that "she was instructed" to forward all employment and accounting records to Plano, Texas. This is important because Plaintiff filed her supplemental brief and documentation on February 27, 2009, while Defendants filed their supplemental brief on March 2, 2009. Defendants, therefore, had time to review Plaintiff's supplemental material and address her statement that she was directed to send all employment and accounting related documents to Plano, Texas.

On the other hand, Defendants provide some evidence that the employment records of Plaintiff *may* be maintained and administered in the Western District of Missouri, where Laclede County and Dallas County are located. *See* 28 U.S.C. § 105(b)(5). The court, however, is not convinced that the employment records are *actually* maintained and administered in the Western District of Missouri. Defendants rely heavily on Bluesprings's authorization to conduct business in another state; however, that an entity is incorporated or authorized to conduct business in a foreign state does not necessarily mean that the records are maintained and administered in that state. The court, of course, is aware of the conflicting evidence submitted by the parties. Because of the conflicting evidence, the court is unable to conclude that Defendants have met their burden and shown that this action should be transferred to the Western District of Missouri. Moreover, Defendants failed to show that the Eastern District of Texas is not a district in which Plaintiff originally could have filed this action pursuant to 42 U.S.C. § 2000e-5(f)(3). The court will therefore transfer this action to the Sherman Division of the Eastern District of Texas.

### IV. Conclusion

For the reasons stated herein and at the hearing on February 18, 2009, the court **denies** Defendants' Motion to Dismiss First Amended Complaint and **transfers** this action to the Sherman

**Memorandum Opinion and Order - Page 6**

Division of the Eastern District of Texas. The clerk of court shall effect this transfer in accordance with the usual procedure.

**It is so ordered** this 16th day of March, 2009.

Sam A. Lindsay
United States District Judge